STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

JOHN JAMES and ROSETTE MOLNAR     )     CIVIL ACTION NO.
     Plaintiffs     )
     )
v.     )
     )
LOPEZ MOTORS, LLC     )
     Defendant     )
_____ )     MAY 31, 2016

<u>COMPLAINT</u>

## I.    INTRODUCTION

1.    This is a suit brought by two consumers under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, against a car dealership.  Plaintiffs also assert pendent state law claims against the defendant for breach of the implied warranty of merchantability, for violation of the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*  Plaintiffs bring this action to recover actual, statutory, and punitive damages, reasonable attorney's fees, and costs from the defendant Lopez Motors, LLC and also seek a rescission of the contract.

## II.    PARTIES

2.    Plaintiff John James ("James") is a natural person residing in Bridgeport, Connecticut.

3.    Plaintiff Rosette Molnar ("Molnar") is a natural person residing in Bridgeport, Connecticut.

4.      Defendant Lopez Motors, LLC is a domestic limited liability company that operates an automobile dealership in Bridgeport, Connecticut.

III.      JURISDICTION

5.      Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6.      This court has jurisdiction over Lopez Motors because it is organized under the laws of the state of Connecticut and regularly conducts business in this state.

7.      Venue in this court is proper because the Plaintiffs reside in Connecticut and the claims involve a transaction that occurred in Connecticut.

IV.      FACTUAL ALLEGATIONS

8.      Prior to December 11, 2015, James and Molnar were interested in purchasing a vehicle.

9.      On December 11, 2015, Molnar visited Lopez Motors and she looked at a 2010 Volkswagen Jetta (the "Vehicle").

10.      Lopez Motors told Molnar that it had purchased the Vehicle from a friend.

11.      This information is false, and Lopez Motors knew it was false, because the Vehicle had been offered for sale by Whaling City Ford less than two months before.

12.      Molnar agreed to purchase the Vehicle from Lopez Motors.

13.      James was not present at the dealership, but he gave Molnar verbal permission to enter into a contract and sign the contract documents on his behalf.

14.      Molnar paid a deposit of $500.00 and gave Lopez Motors two post-dated checks each in the amount of $500.00 dated January 15, 2016 and January 29, 2016.

15.     Lopez Motors prepared a Purchase Order (the "PO") and a Retail Installment Contract (the "RISC") that listed the Buyer as John James, the Co-Buyer as Rosette Molnar.

16.     Because the Vehicle was six model years old and was sold for more than $5,000, Lopez Motors was required by Conn. Gen. Stat. § 42-224 to provide a written warranty that the Vehicle would be mechanically operational and sound for a period of 60 days or 3,000 miles, and it was further prohibited by that statute from disclaiming the implied warranty of merchantability.

17.     Notwithstanding the prohibition, Lopez Motors did not provide the required express warranty and it attempted to disclaim the implied warranty of merchantability on the PO.

18.     Notwithstanding the attempt to disclaim the implied warranty of merchantability, the sale included such a warranty pursuant to Conn. Gen. Stat. 42a-2-314, because the warranty disclaimer was ineffective under Conn. Gen. Stat. 42-224 because of the Vehicle's age and price and because the attempted disclaimer was not in the required font size for disclaimer of the implied warranty of merchantability.

19.     The RISC included a charge of $1,480.00 for a service contract that Plaintiffs neither requested nor desired.

20.     When Molnar asked Lopez Motors about the service contract charge, she was told that she was required to purchase the service contract as a condition of financing.

21.     The RISC stated that the amount of the downpayment was $2,000, even though only $1,500 had been requested or paid.

22.    Consequently, the cash price listed for the Vehicle was inflated by $500, and Claimant paid sales tax on that excess $500.

23.    Molnar executed the RISC and agreed to be liable for the payments for James's Vehicle without compensation, and she is a "Co-Signer" within the meaning of the Federal Trade Commission's Credit Practices Rule, 16 C.F.R. § 444.3.

24.    Molnar executed the RISC electronically by signing her name and James's name on a pad, and she was permitted to view the terms of the RISC on a computer monitor.  At no time was Molnar given a hard copy of the RISC, and the TILA disclosures contained in the RISC were not provided to her in a form that she could keep.

25.    Additionally, the TILA disclosures were not made to James in any form or manner prior to the time that he became obligated under the RISC.

26.    After Molnar executed the PO and the RISC, Lopez Motors delivered the Vehicle to her.

27.    Lopez Motors subsequently assigned the RISC to Credit Acceptance Corporation, a sales finance company located in Michigan.

28.    Within weeks of delivery of the Vehicle, and within the sixty day and 3,000 mile warranty period, Plaintiffs experienced mechanical problems and the vehicle's coolant light illuminated.

29.    Plaintiffs brought the Vehicle back to Lopez Motors for repairs on multiple occasions, but it was unable to repair the Vehicle.

30.    Plaintiffs returned the Vehicle to Lopez Motors for repairs on February 1, 2016.

31.     Lopez Motors has failed and refused to repair the Vehicle.

32.     Subsequently, Credit Acceptance Corporation reassigned the RISC to Lopez Motors, who currently holds the RISC.

33.     At or about the time of the reassignment, Credit Acceptance paid to Lopez Motors the sum of $866, the amount paid by Plaintiffs as monthly payments to Credit Acceptance.

34.     On or about March 7, 2016, Molnar spoke with David Brown of Lopez Motors, who offered to permit her to select a different vehicle in place of the Volkswagen.

35.     On March 8, 2016, Molnar advised Brown that Plaintiffs did not want to select another vehicle and she demanded that Lopez Motors repair the Vehicle.

36.     Brown told Molnar the Vehicle could be repaired, but Plaintiffs would need to sign a new Contract for the Vehicle in order to retake possession.

37.     On April 12, 2016, Plaintiffs, through the undersigned counsel, requested that they be allowed to have the Vehicle inspected by an independent facility prior to entering into the proposed new contract.

38.     Lopez Motors responded by stating that it would refund the money paid by Plaintiffs.

39.     Notwithstanding that promise, after more than one month, Lopez Motors has failed and refused to refund the amounts paid by Plaintiffs, who have paid $1,500 to Lopez Motors and $866 to Credit Acceptance, all of which Lopez Motors has wrongfully retained.

40.     Lopez Motors has been placed in their original position prior to the transaction, or as close to that position as possible, notwithstanding, Lopez Motors has not returned Plaintiffs their deposit paid, and they have not returned to them the installment payments made under the RISC.

V.     CAUSES OF ACTION

A.     TRUTH IN LENDING ACT

41.     Plaintiffs incorporate paragraphs 1-40.

42.     James was not present for the transaction, and he was not provided the disclosures required by TILA.

43.     Additionally, Lopez Motors failed to provide Molnar with the disclosures in a form that she could keep.

44.     Lopez Motors also failed to include the cost of the service contract as a finance charge, even though the cost was imposed upon them as a condition of financing and would not have been charged in a comparable cash transaction.

45.     Lopez Motors also failed to include the sales tax of $31.75 on the inflated component of the purchase price as a finance charge, even though the false down payment of $500 was included in the RISC as a condition of financing in order to enable it to assign the RISC to Credit Acceptance.

46.     For its violations of TILA, Lopez Motors is liable to Plaintiffs for statutory damages of $2,000 plus their actual damages, and a reasonable attorney's fee pursuant to 15 U.S.C. § 1640.

B.     ELECTRONIC FUNDS TRANSFER ACT

47.     Plaintiffs incorporate paragraphs 1-40.

48.     Lopez Motors required that Plaintiffs set up automatic withdrawals of the loan payments as a condition of financing the Vehicle.

49.     By conditioning the extension of credit to Plaintiffs on their repayment by means of preauthorized electronic fund transfers, Lopez Motors violated the EFTA, 15 U.S.C. § 1693k.

50.     For Lopez Motors' violations of the EFTA, Plaintiffs are entitled to their actual damages, statutory damages of up to $1,000, and attorney's fees and costs pursuant to 15 U.S.C. § 1693m.

## C.     RETAIL INSTALLMENT SALES FINANCE ACT

51.     Plaintiffs incorporate paragraphs 1-41.

52.     By inaccurately listing the amount paid for a down payment, Lopez Motors violated RISFA, Conn. Gen. Stat. §36a-771(a).

53.     By failing to provide Plaintiffs with a copy of the Contract, Lopez Motors violated RISFA.

54.     Through its violations of TILA, Lopez Motors further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

55.     Plaintiffs are entitled to a rescission of the Contract, and they have restored Lopez Motors to its pre-contractual position as nearly as possible by tendering the Vehicle to it.

## D.     BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

56.     Plaintiffs incorporate paragraphs 1-40.

57.     Lopez Motors has breached the implied warranty of merchantability and is liable to Plaintiffs for their damages plus a reasonable attorney's fee pursuant to Article 2 of the Uniform Commercial Code and the Magnuson-Moss Warranty Act.

58.     Plaintiffs are also entitled to a reasonable attorney's fee and costs pursuant to Magnuson-Moss.

E.     CONNECTICUT UNFAIR TRADE PRACTICES ACT

59.     Plaintiffs incorporate paragraphs 1-58.

60.     Lopez Motors has acted unfairly by its violations of state and federal laws governing the sale and financing of motor vehicles, and it has engaged in fraudulent and deceptive conduct.

61.     Lopez Motors' actions, as alleged above, constitute unfair and deceptive acts and practices in violation of CUTPA.

62.     As a result of the conduct of the defendant, Plaintiffs suffered ascertainable losses and damages, including, but not limited to, the loss of their deposit and the payments made under the Contract.

63.     For the defendant's violations of CUTPA, Plaintiffs are entitled to their damages plus punitive damages and a reasonable attorney's fee.

WHEREFORE, PLAINTIFFS CLAIM actual damages, statutory damages of $2,000 under TILA, statutory punitive damages under CUTPA, attorney's fees and costs, and an order that the contract is rescinded.

PLAINTIFFS, JOHN JAMES AND ROSETTE MOLNAR

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com